UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN MARTIN,

    Plaintiff,

    v.                                  CAUSE NO. 3:19-CV-1170-RLM-MGG

MARISHA WHITE, et al.,

    Defendants.

## OPINION AND ORDER

Kevin Martin, a prisoner without a lawyer, filed a complaint alleging that Westville Correctional Facility illegally withheld his outgoing legal mail and refused to consider his grievances about it. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Martin pursues three claims: first, that prison employees denied him access to the courts when they didn't mail a motion for an extension of time he had prepared for another case; second, that the defendants retaliated against him for filing grievances about his outgoing legal mail; and third, that the defendants' failure to properly consider his grievances violated his constitutional rights.

To establish a violation of the right to access the courts, an inmate must show that unjustified acts by defendants acting under color of law hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 591, 590 (7th Cir. 1998), resulting in actual harm to the inmate. Lewis v. Casey, 518 U.S. 343, 351 (1996). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Mr. Martin alleges that on July 26, 2019, he wrote a motion for an extension of time to respond to a summary judgment motion in a case in St. Joseph Circuit Court. ECF 1 at 4, 9. He alleges that he gave his outgoing legal mail to defendant Marisha White, one of the prison employees responsible for handling it, but Ms. White "withheld" it, and it was never sent to the St. Joseph Circuit Court. *Id.* at 5, 9-10. This court takes judicial notice[1] of the St. Joseph Circuit Court's order granting summary judgment, which stated that the summary judgment motion was filed on July 18, 2019, and that Mr. Martin "failed to file any responsive documents . . . and further did not request an extension of time" within 30 days of the motion.[2] Martin v.

---

[1] The Court may take judicial notice of filings in another court "to establish the fact of such litigation and related filings." Opoka v. I.N.S., 94 F.3d 392, 395 (7th Cir. 1996) (citations omitted); *see also* Fed. R. Evid. 201(b)(2) (judicial notice is appropriate when a fact is "accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] Mr. Martin eventually filed a late response on September 6, 2019, *see* Martin v. Howe, 71C01-1906-CT-000238 (St. Joseph Circuit Court) (available at https://public.courts.in.gov/mycase), but the court declined to consider it.

2

Howe, 71C01-1906-CT-000238 (St. Joseph Circuit Court, September 10, 2019 order, ¶¶ 1-2) (available at https://public.courts.in.gov/mycase).

These facts state a claim against Ms. White for denial of access to the courts. Ms. White's alleged decision not to mail Mr. Martin's request for an extension of time denied him the opportunity to oppose the summary judgment motion, because the court refused to consider his late response. Although Mr. Martin seeks to proceed against several other defendants responsible for outgoing mail, he won't be allowed to so, because he does not allege that any of them obstructed the mailing that is the subject of this claim.

Mr. Martin alleges that several defendants retaliated against him for filing grievances about the handling of his legal mail, in violation of his First Amendment rights. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012).

Mr. Martin alleges that he filed numerous grievances between August and October 2019 about his legal mail against Ms. White and two other employees responsible for outgoing mail, Catheen Capron and Kelsey Torres. ECF 1 at 5. He alleges that after he started filing these grievances, Ms. White, Ms. Capron, and Ms. Torres "start[ed] withhold[ing]" his outgoing legal mail and grievances. *Id*. Because

3

Mr. Martin doesn't discuss any grievances after October 2019, the court interprets him to mean that some of his mailings between August and October were withheld because of his grievances against the defendants within that same period. Although "we would wish for more detail," this allegation is enough to permit Mr. Martin to proceed on a claim that these three defendants withheld his outgoing mail and grievances in retaliation for the grievances he filed against them.[3] Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (allegation that a supervisor restricted a prisoner's access to the law library after the prisoner filed grievances against him stated a retaliation claim). Mr. Martin seeks injunctive relief and money damages on this claim, but he's no longer incarcerated at Westville Correctional Facility, so he will only be allowed to proceed on a claim for money damages. See Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).

The rest of Mr. Martin's allegations can't sustain any further claims for retaliation. He alleges that Ms. White "wrote up a false conduct report" about him "with the intent of confiscat[ing his] legal book and property out of retaliation," ECF 1 at 8, but it's not clear what the report was about, or when it was made, and no facts support a plausible inference that Ms. White wrote it in retaliation for his grievances. He alleges that Terri Rethlake "interfered with [his] access to court out of retaliation," *id.*, but does not explain who Terri Rethlake is, what the interference was, or why he

---

[3] On October 31, 2019, the prison limited Mr. Martin from filing grievances because he had filed too many frivolous grievances. See ECF 1-1 at 12. If the grievances against the three defendants were frivolous, they could not support a retaliation claim, because frivolous grievances are not protected under the First Amendment. Harris v. Walls, 604 F. App'x 518, 521 (7th Cir. 2015). The complaint doesn't show that these particular grievances were frivolous, so Mr. Martin will be permitted to proceed against these defendants.

believes it was retaliation. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Mr. Martin also pursues a retaliation claim against defendant J. Harvill, but the complaint itself contains no direct allegations against him. A letter attached to the complaint indicates that as of October 31, 2019, grievance specialist John Harvil[4] determined that Mr. Martin had filed too many frivolous grievances, deemed him to be a "Grievance Abuser," and severely limited his ability to file grievances. ECF 1-1 at 12. Mr. Martin describes his inability to file grievances as a violation of his "constitutional right to complain." ECF 1 at 7. The facts in the letter, uncontroverted by Mr. Martin, indicate that Mr. Harvil banned him for "flood[ing] the Grievance Process" with frivolous material. *See id.* at 12. The First Amendment doesn't protect filing frivolous grievances. *See* Harris v. Walls, 604 F. App'x 518, 521 (7th Cir. 2015); Hale v. Scott, 371 F.3d 917, 919 (7th Cir. 2004). The letter doesn't support a retaliation claim against J. Harvill.

Finally, Mr. Martin claims that the defendants' refusal to consider his grievances violated his constitutional rights. Aan allegation that prison grievances weren't properly considered doesn't state an independent federal constitutional claim. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged

---

[4] The court infers that John Harvil is the "J. Harvill" named in the complaint.

5

mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

For these reasons, the court:

(1) GRANTS Kevin Martin leave to proceed on a claim for compensatory damages against Marisha White in her individual capacity for denying him access to courts in violation of the First Amendment, by preventing him from mailing his motion seeking an extension of time to respond to the July 18, 2019 summary judgment motion in Martin v. Howe, 71C01-1906-CT-000238, resulting in the dismissal of his case;

(2) GRANTS Kevin Martin leave to proceed on a claim for compensatory damages against Marisha White, Catheen Capron, and Kelsey Torres in their individual capacities for retaliating against him in violation of the First Amendment, by withholding his grievances and outgoing legal mail between August 2019 and October 2019;

(3) DISMISSES all other claims;

(4) DISMISSES J. Harvill and Terri Rethlake;

(5) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Marisha White, Catheen Capron, and Kelsey Torres at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Marisha White, Catheen Capron, and Kelsey Torres to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin Martin has been granted leave to proceed in this screening order.

SO ORDERED on March 16, 2021

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT