UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN L. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARISHA WHITE, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-1170-RLM |

OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, is proceeding "against Marisha White in her individual capacity for denying him access to courts in violation of the First Amendment, by preventing him from mailing his motion seeking an extension of time to respond to the July 18, 2019, summary judgment motion in Martin v. Howe, 71C01-1906-CT-000238, resulting in the dismissal of his case[,]" and "against Marisha White, Catheen Capron, and Kelsey Torres in their individual capacities for retaliating against him in violation of the First Amendment, by withholding his grievances and outgoing legal mail between August 2019 and October 2019[.]" ECF 6 at 6. The defendants filed a joint motion for summary judgment. Mr. Martin filed a response. The defendants then filed a motion to strike, arguing that Mr. Martin's 66-page, handwritten response should be stricken because it doesn't comply with the federal or local rules.

The court first considers the motion to strike. The defendants assert that Mr. Martin's response exceeds the allowed page limit, doesn't include a Response to

Statement of Material Facts, and doesn't include a section of Additional Material Facts. *See* N.D. Ind. L.R. 56-1(b)(2). They contend his response doesn't properly cite to the attached exhibits or explain the relevancy of those exhibits, leaving the reader to guess at deciphering his arguments.

The defendants' argument boils down to a claim that Mr. Martin's response brief is hard to follow, doesn't address the points raised in their opening brief, and doesn't properly support his factual assertions. The Federal Rules address this situation in Rule 56(e), which gives options for what to do if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact." Those options include giving a party an opportunity to support the fact, considering the fact undisputed for purposes of the motion, granting summary judgment based on that undisputed fact if otherwise appropriate, or issuing any other appropriate order. Fed. R. Civ. P. 56(e). The Local Rules state that disputes about the admissibility or materiality of evidence be raised in a brief, and not in a separate motion to strike. *See* N.D. Ind. L.R. 56-1(f). So, too, for arguments that the response brief doesn't otherwise comply with summary judgment rules.

The court finds no basis to strike Mr. Martin's response. Moreover, a review of Mr. Martin's filings reveals that he filed a Statement of Material Facts, mislabeled as "Affidavit." *See* ECF 119-1. Thus Mr. Martin has filed a response brief and Additional Material Facts for the court to consider when ruling on the summary judgment motion. Those filings make it clear that defendants are entitled to summary judgment, so the court will rule on the motion now without a reply from defendants.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't simply rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

### A. Access-to-the-Courts Claim

To establish a violation of the right to access the courts, an inmate must show that unjustified acts by defendants acting under color of law hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), resulting in actual harm to the inmate. Lewis v. Casey, 518 U.S. 343, 351 (1996). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were

dismissed because of the denial of reasonable access to legal resources." Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Mr. Martin attests that he gave his caseworker, Ms. White, a timely motion for an extension of time to file a response to a summary judgment motion in a case he was litigating in state court. ECF 119-1 at 2, ¶ 5. But that motion never arrived at the state court, and summary judgment was granted in favor of defendants without a response from Mr. Martin. *See* ECF 103-1 (Summary Judgment Order).

Ms. White argues that it's irrelevant whether she failed to pass on the motion to be mailed because the underlying state case was frivolous. ECF 104 at 3. In that case, Martin v. Howe, No. 71C01-1906-CT-238 (St. Joseph Cir. Ct. filed June 26, 2019),[1] Mr. Martin sued Arvil Howe (the public defender who represented him at his criminal trial), Charles Lahey (the public defender who represented him on appeal), Terri Rethlake (the St. Joseph County Clerk), and Jeffrey Sanford (a Superior Court judge). The state court granted summary judgment in favor of Mr. Howe, Mr. Lahey, and Ms. Rethlake without a response from Mr. Martin.[2] *See* ECF 103-1 (Summary Judgment Order). The state court dismissed the claims against Ms. Rethlake based on absolute immunity and because Mr. Martin didn't file the Tort Claim Notice 0that

---

[1] The court is permitted to take judicial notice of "the actions of other courts or the contents of filing in other courts" as well as "findings of fact from another court proceeding only if the fact is not subject to reasonable dispute." Tobey v. Chibucos, 890 F.3d 634, 647 (7th Cir. 2018) (citing Daniel v. Cook Cnty., 833 F.3d 728, 742 (7th Cir. 2016)); *see also* Fed. R. Evid. 201. The docket for this case, and all other State court cases cited in this opinion are available for viewing at mycase.in.gov.

[2] In a separate order, the court granted Judge Sanford's motion to dismiss, but neither side addresses that order.

4

is required before suing a county employee. ECF 103-1 at 4. In addition, the court found:

> The doctrines of collateral estoppel and *res judicata* operate to bar Martin's claims against Lahey and Howe. Both his post-conviction relief action (PCR Cause No. 71D03-0806-PC-000022) and his previous tort case in which the Defendants were granted summary judgment (Case No. 71C01-1803-CT-000123) dealt with claims of alleged failures by his trial and appellate counsel, and determined that there were none which were legally actionable. Claim preclusion or collateral estopped 'bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit.' *Crossan v. Berry*, 829 N.E.2d 184, 192 (Ind. Ct. App. 2005). The former adjudication 'will be conclusive in the subsequent action even if the two actions are on different claims.' *Id.* A dismissal with prejudice is similarly conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated. *Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006).

ECF 103-1 at 3-4. The court dismissed the claims against Mr. Howe and Mr. Lahey on the basis of collateral estoppel and *res judicata*, and then proceeded to restrict Mr. Martin from filing any future cases against these defendants without prior permission. *Id.* at 3, 5.

Mr. Martin argues that the underlying state case wasn't frivolous. He asks this court to reexamine the finding of collateral estoppel; contending that the issues in the three complaints weren't identical, so the state court's ruling was in error. Mr. Martin further argues the claims weren't precluded because he didn't discover the existence of the facts underlying the new case until recently.

The complaints in the three cases don't need to be identical for a later case to be precluded. Under Indiana law:

> Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were ***or might have been litigated*** are deemed conclusively decided by the judgment in the prior action. . . . Thus, a dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to

5

any questions that might have been litigated. . . .

Afolabi v. Atl. Mortg. & Inv. Corp., 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006) (citations omitted) (emphasis added). Claim preclusion doesn't have a stringent identity-of-issues requirement; it requires only that "the matter now in issue was, or could have been, determined in the prior action." *Id*. Thus, the three complaints didn't need to be identical; if a claim could have been brought in an earlier case that proceeded to final judgment, that claim can't be brought in later litigation.

In Martin v. Howe, No. 71C01-1803-CT-000123 (St. Joseph Cir. Ct. decided Apr. 25, 2019), the previous tort case that provided the basis for a finding of collateral estoppel, Mr. Martin sued Mr. Howe and Mr. Lahey for legal malpractice based on their representation of him in his 2007 murder trial and later appeal. The state court concluded that the action against the two attorneys was untimely and barred because Mr. Martin didn't file the required Tort Claim Notice. Further, the state court concluded that the finding in Mr. Martin's post-conviction proceeding that neither attorney was ineffective precluded the civil suit.

In this complaint, Mr. Martin doesn't contest that he is challenging the performance of his trial and appellate attorney in investigating and presenting his criminal case, though he frames the issue as one of "fraud" under the Indiana Public Record Act. ECF 118 at 29-30. He contends the state coached witnesses to lie and concealed evidence that would have proven his innocence at trial. *Id*. at 30. He further contends that the State concealed the affidavit for a search warrant and other test

6

results that, if discovered earlier, would have proven his *Brady* claim at his postconviction hearing. *Id.* at 64.

Mr. Martin's trial and appellate lawyer can't be held liable for the State's alleged actions in concealing evidence. *See* Harris v. Kuba, 486 F.3d 1010, 1013-17 (7th Cir. 2007) (discussing how to prove a *Brady* violation). To the extent Mr. Martin faults his trial and appellate attorneys for an inadequate investigation, *res judicata* forecloses any challenge to their performance because the post-conviction relief court already decided that they didn't provide ineffective assistance of counsel. The underlying lawsuit had no merit, which means that Mr. Martin can't prevail on his access-to-the-courts claim.

## B. Retaliation Claim

Mr. Martin alleges that he filed numerous grievances against Ms. White, Ms. Capron, and Ms. Torres about his legal mail between August and October 2019. He alleges that these defendants started withholding his outgoing legal mail and grievances after he started filing these grievances. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). To show causation, Mr. Martin must show, based on admissible evidence, "a causal link between the protected act and the alleged retaliation." Woodruff v. Mason, 542 F.3d 545, 551 (7th

7

Cir. 2008) (internal quotations omitted). After this, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." Mays v. Springborn, 575 F.3d 643, 650 (7th Cir. 2009). If the defendant carries this burden, the plaintiff may still reach trial by showing that the defendant's reasons were merely pretextual. Valentino v. Vill. of S. Chicago Heights, 575 F.3d 664, 670 (7th Cir. 2009).

The defendants argue that Mr. Martin can't prove that any defendant intentionally withheld any grievances or legal mail, or that their actions were done in retaliation for grievances. The outgoing mail logs from August 6, 2019, through October 31, 2019, show over 170 entries for Mr. Martin, and he filed enough grievances in that period to be designated a grievance abuser at the end of October. When asked in discovery to produce "any and all documents that you contend were improperly withheld," he responded that his property was in the storeroom and produced nothing. When asked in an interrogatory what specific items were withheld, he listed only the July 2019 motion for an extension of time, which sparked his grievances against the defendants and couldn't have been caused by the grievances. Otherwise, Mr. Martin states generally that he "filed a grievance on Ms. White about Ms. White withholding grievances," ECF 77 at 9, and that another inmate witnessed "Ms. White's retaliation 7 or 8 times for Martin filing grievances," ECF 77 at 10. During discovery, he listed dates on which he alleges the defendants violated his rights without elaborating on what he claims they did on those dates. ECF 77 at 20.

8

Nowhere did he give any detail about a particular withheld grievance or piece of mail besides the July 2019 motion.

In his response, Mr. Martin states generally that "[f]rom August through October of 2019 [Martin] submitted grievances and legal mail to defendant Ms. White, who withheld this material but claimed she forwarded it to Kelsey Torres and Cathleen Capron." ECF 118 at 11. Mr. Martin claims that he has more evidence of withheld mail and grievances in his property in the storage room, but he was prevented from going into the storage room to obtain that evidence. Yet he doesn't describe the evidence he says is in the property room. He would have personal knowledge of the circumstances surrounding any withheld legal mail or grievances, but he provides no details of those circumstances. This unsupported assertion that evidence exists isn't enough to create a genuine dispute that would require a trial. *See* Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. *163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations."); Sommerfield v. City of Chicago, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough.") (quotation marks, brackets, and citation omitted).

Mr. Martin also contends that Ms. White, Ms. Capron, and Ms. Torres have presented conflicting stories in this case. In support, he merely cites to their responses to his interrogatories and other discovery requests without pointing out

9

what factual discrepancies exist. The court has reviewed the documents, and the defendants consistently deny withholding any legal mail or grievances. This doesn't create a genuine dispute for trial.

Finally, Mr. Martin argues that he should be allowed to convince a jury that the defendants are lying. "[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008) (emphasis in original); *see also* Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 406 (7th Cir. 1998) ("[T]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment."). Summary judgment is warranted in favor of the defendants.

### C. Objection to Magistrate Judge's Ruling

Mr. Martin also filed an objection to the magistrate judge's order May 4, 2022 order denying his motion for counsel. The magistrate judge concluded:

> Mr. Martin argues he needs an attorney because he has been recruited counsel in a previous case after the judge there deemed him incompetent to litigate. *See Martin v. Superintendent*, No. 3:16-cv-357-JD (N.D. Ind. filed June 6, 2016) at ECF 194 (order of May 14, 2019). Mr. Martin is a prolific litigator. Since he filed that case in which he was appointed counsel, he has filed dozens of cases and through experience has gained competency in litigating.
> . . .
> . . . Mr. Martin's discovery practice demonstrates that he is aware of the elements he needs to prove and understands the methods he needed to use to gather the necessary evidence. In fact, Mr. Martin has filed a successful motion to compel. *See* ECF 91. Based on the filings in this case, the court determines that Mr. Martin is able to continue representing himself. He is able to write to the court and, although his filings are not always a model of clarity, he is able to make himself understood.

ECF 107 at 2-3 (footnote omitted). Mr. Martin filed a motion for reconsideration, which the magistrate judge also denied,

10

Mr. Martin contests the conclusion that his litigation skills have improved since 2019. He argues he has a learning disability that makes it hard for him to read and write and he still needs assistance. A magistrate judge's order is reviewed under Rule 72(a) of the Federal Rules of Civil Procedure, which provides in relevant part:

> A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Rule 72(a) grants magistrate judges significant latitude in resolving non-dispositive matters. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

The magistrate judge's ruling wasn't clearly erroneous. When ruling on a motion for counsel, a court looks at "given the difficulty of the case, does the plaintiff appear competent to litigate it himself." Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). After carefully reviewing Mr. Martin's filings opposing summary judgment, it's clear that Mr. Martin was aware of what he needed to prove and was able to prepare a response laying out his arguments. He attached several exhibits to his response and cited to those exhibits throughout his filing to support his arguments. He didn't prevail at summary judgment because the State court case underlying the access-to-courts claim was nonmeritorious and because he didn't identify any mishandled mail

11

or grievances in the relevant time period. The specifics of the alleged mishandled mail or grievances would have been within his personal knowledge, even if actual possession of those items was outside his control. A lawyer wouldn't have materially improved the merits of the case. The magistrate judge's assessment of Mr. Martin's competency was not clearly erroneous. The objection will be overruled.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket Mr. Martin's affidavit (ECF 119-1) as a Statement of Material Facts, and docket it with the date of his summary judgment response;

(2) OVERRULES the objection (ECF 122, 126);

(3) DENIES the motion to strike (ECF 121);

(4) GRANTS the defendants' summary judgment motion (ECF 103); and

(5) DIRECTS the clerk to enter judgment in favor of the defendants and against Kevin L. Martin.

SO ORDERED on September 14, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT